UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
ERIK RICHARDSON,

|  |  |  |
|---|---|---|
| Plaintiff, | | **COMPLAINT** |
| -against- | | *Civil Action No.:* **15-cv-2487** |

CARL A. HUSBANDS, PC AND
OBB 563 HOLDINGS CORP

Defendants.
---------------------------------------X

Plaintiff, ERIK RICHARDSON, (hereinafter the "Plaintiff"), through counsel, The

Marks Law Firm, P.C., hereby files this Complaint and sues CARL A. HUSBANDS, P.C.

("HUSBANDS, PC") and OBB 563 HOLDINGS CORP ("OBB 563;" collectively

"Defendants"), for injunctive relief, attorneys fees and costs pursuant to 15 USC §1692, et *seq.*,

concerning the collection of debts, in violation of the FDCPA and alleges:

## JURISDICTION AND PARTIES

1. This Court has federal question jurisdiction under 15 USC §1692k(d) and 28 USC

§1331.

2. Venue is proper in this district pursuant to 28 USC §1391(b), as the acts and transactions

that give rise to this action occurred, in substantial part, in this district.

3.  Plaintiff is a citizen of the State of New York who reside within this District.

4. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in

that the alleged debt that Defendant sought to collect from Plaintiffs a consumer debt.

5. Upon information and belief, Husbands PC principal place of business is located in

Brooklyn, New York.

6. Upon information and belief, Husbands PC principal place of business is located 26 Court Street, Suite#1704, Brooklyn, NY 11242.

7. Upon information and belief, OBB 563, principal place of business is located in Brooklyn, New York.

8. Upon information and belief, OBB 563, principal place of business is located at 127-21 Liberty Avenue Richmond Hill, New York 11419 c/o Law Offices of Bachu & Associates.

9. Upon information and belief, OBB 563, principal place of business is located at 33 N. Oxford St, #5, New York, NY 11205.

10. Husbands PC, is a "debt collector" as that term is defined by the FDCPA, 15 USC §1692(a)(6).

11. Husbands PC is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

12. OBB 563 is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

13. OBB 563, is a "debt collector" as that term is defined by the FDCPA, 15 USC §1692(a)(6).

14. Upon information and belief, OBB 563, engaged, retained, requested, employed Husbands PC, as a "debt Collector" as defined by the FDCPA to collect an alleged debt from Plaintiff.

## BACKGROUND

15. Defendants have attempted to collect an alleged consumer debt from the Plaintiff.

16. The debt was allegedly incurred by the Plaintiff to Defendant, OBB Holdings Corp.

17. That the nature of the alleged debt, to wit, past due rent, was primarily for the personal, family and/or household purposes of the Plaintiff.

18.     OBB 563, by and through its counsel Husbands PC commenced three Summary Proceedings in Kings Civil Housing Court against Plaintiff.

19.     The first proceeding bearing Index Number 098177/2014 was a holdover proceeding with a Notice and Petition dated October 28, 2014 ("First Action"). Defendants withdrew the First Action pursuant to a Court Order dated December 3, 2014.

20.     The second proceeding bearing Index Number 051253/2015 was a holdover proceeding with a Notice and Petition dated November 20, 2014 ("Second Action").

21.     The Second Action alleged the same facts as the First Action in that that Plaintiff is holding over in possession of the subject premises and demanded $20,000.00 in past due rent accruing from April 1, 2014. Defendants never served the requisite notices pursuant to the FDCPA with respect to the alleged debt.

22.     At the oral argument of Plaintiff's motion to dismiss before the Honorable Leslie Stroth Defendants withdrew the Second Action with the stated intent to starting a non-payment proceeding against Plaintiff.

23.     As a predicate to a third action for non-payment, Defendants allegedly served[1] a 5-day rent demand for payment dated February 17, 2015 (the "Rent Demand").

24.     Upon information and belief, Husbands PC, on behalf of OBB 563 prepared, authorized to be sent, and/or communicated the Rent Demand, directly or indirectly, seeking the payment of alleged past due rent the alleged amount of $14,700.00.

25.     Husbands PC, caused the Letter demanding the payment of alleged past due rents to be communicated to Plaintiff on various dates as evidenced and admitted to by the sworn affidavit of Wendell Joseph.

---

1 Defendants' service of the Rent Demand and subsequent Notice of Petition and Petition in the Third Action, in accordance with New York's Real Property Actions and Proceedings Law (RPAPL) has been and remains contested. In no way does the reference of these herein documents herein constitute an admission that Defendants actually served these documents in accordance with the governing laws and rules.

26.     On February 24, 2015, Defendants' process server Wendell Joseph admits in his affidavit to violating the FDCPA by attempting to contact Plaintiff after 9:00pm, in as much as Mr. Joseph admits to attempting service at 9:48pm on February 24, 2015.

27.     The Rent Demand threatens: "TAKE NOTICE that you are justly indebted to the Landlord of the above described premises as set forth above, which you are required to pay on or before the expiration of five (5) days from the day of service of this Notice, or surrender up the possession of said premises to the Landlord, in default of which the Landlord will commence summary proceedings under the Statue to recover possession thereof."

28.     The Rent Demand did not include the required FDCPA notice such that Defendants are a debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

29.     The Rent Demand also fails to set forth the name and address of the debt collector in order for the consumer to contact the defendant to dispute the debt in violation of 15 USC §§1692g and 1692e(10).

30.     The Rent Demand fails to, inter alia, adequately advise the Plaintiffs of their rights.

31.     The Rent Demand is deceptive and/or inherently contradictory, in violation of 15 USC §1692(e)(10) as the amount of debt sought to be collected is contradicted by First Action and Second Action seeking to collect the same debt with different amounts and different dates of the debt.

32.     On March 11, 2015, Defendants commenced a summary proceeding for the nonpayment of rent regarding residential premises under Index Number 062058/2015 dated ("Third Action"). Defendants allegedly served[1] a Notice of Petition and Petition (the "Petition") on Plaintiff.

33.     The Petition did not include the required FDCPA notice such that Defendants are a debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

34.     The Petition also fails to set forth the name and address of the debt collector in order for the consumer to contact the defendant to dispute the debt in violation of 15 USC §§1692g and 1692e(10).

35.     The Petition fails to, inter alia, adequately advise the Plaintiffs of their rights.

36.     The Petition is deceptive and/or inherently contradictory, in violation of 15 USC §1692(e)(10) as the amount of debt sought to be collected is contradicted by First Action and Second Action seeking to collect the same debt with different amounts and different dates of the debt.

37.     Issue was joined in the Third Action by Plaintiff by Plaintiff filing a Notice of Appearance, Answer, Affirmative Defenses and Counterclaim dated March 23, 2015.

38.     On March 31, 2015, Plaintiff filed motion to dismiss the Third Action because of various defects including, *inter alia*, the violations of the FDCPA violations. This motion remains pending before Judge Stroth.

39.     On April 9, 2015, Plaintiff sent a good faith letter demanding Defendants withdraw their non-payment petition and put Defendants on notice of their FDCPA violations.

40.     On April 15, 2015, almost two months after allegedly serving a Rent Demand, Defendants attempted *nunc pro* tunc to remediate that part of their FDCPA violation a "Fair Debt Collection Notice" to Plaintiff.

41.     Defendants Third Action for non-payment summary proceeding is the subject to this litigation and gives rise to Defendants various FDCPA violations

## AS AND FOR A FIRST CAUSE OF ACTION

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

42.      Plaintiffs restate, re-alleges, and incorporates herein by reference, paragraphs 1-41 as if set forth fully in this cause of action.

43.      In 1977, Congress passed the FDCPA, 15 USC §§1692-1692p, which became effective on March 20, 1978, and has been in force since that date and evolved to broaden the scope.

44.      In <u>Romea v. Heiberger & Associates</u>, 163 F.3d 111 (2nd Cir 1998), the United States Court of Appeals for the Second Circuit and several United States District Courts held that the FDCPA applies to RPAPL §711(2) rent demand notices, if they are the initial communication from an attorney debt collector.

45.      Current FDCPA precedent squarely holds that the question of who signs the communication is irrelevant. The issue is who "communicated" the message or who the "least sophisticated consumer" could believe communicated the message. If there is more than one possible conclusion to be drawn, the letter is deceptive, *per se*. <u>Romea v. Heiberger & Associates</u>, 163 F.3d 111 (2d Cir. 1998); <u>see</u> <u>also</u> <u>Russell v. Equifax</u>, 74 F3d 30 [2nd Cir 1996] (Using an objective method, the court measures how the most unsophisticated consumer would interpret a notice received from a debt collector).

46.      In fact, if the least sophisticated consumer would be led to believe that a debt collector was involved when it was not, both the creditor and the debt collector could become liable under, amongst other sections, 15 USC §1692j, entitled "Furnishing certain deceptive forms."

47.      Upon information and belief, the Defendant uses a process server who engages in sewer service in violation of 15 USC §1692e.

48.     The Defendant otherwise failed to give the Plaintiffs notice of their rights as mandated by 15 USC §§1692g, 1692e (11) within five (5) days of Defendant's initial communication to the Plaintiffs.

49.     The Defendant failed to otherwise advise the Plaintiffs of their rights pursuant to 15 USC §1692g within five (5) days of said initial communication.

50.     Had the Plaintiffs been given notice of their rights pursuant to 15 USC §1692g, they would have promptly made such dispute, requested verification, settled and/or made payment of said amount demanded.

51.     The collector's omission from the validation notice of the consumer's right to dispute any portion of the debt violated the Act. Foresberg v. Fidelity Nat'l Credit Servs., Ltd., 2004 WL 3510771 (S.D. Cal. Feb. 26, 2004).

52.     FDCPA §1692g notice did not notify the consumer that any portion of the debt could be disputed and verified. The failure to notify the consumer that any portion of the debt could be disputed and verified violated §1692g.

53.     Upon information and belief, the Letter was the initial communication from the Defendant to the Plaintiffs, concerning the aforementioned alleged past due debt which it demanded.

54.     FDCPA §1692e (11) requires the initial written communication should have stated that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

55.     The absence of a return address on a debt collector's 30 day validation notice effectively nullifies the consumer's rights set out in §805(c) and §809(b) of the Act, 15 USC §§1692c(c), 1692g(b), which arise from a consumer's written notification to the debt collector. The lack of a return address on the notice is an unfair practice violative of §15 USC 1692f of the FDCPA.

56.     The Defendant, in attempting to collect from the Plaintiffs the aforementioned alleged past due debt, employing, inter alia, the acts and/or omissions described above, violated:

a) 15 USC §1692e generally, and specifically, 15 USC §1692g(a), §1692e(2)(A); 15 USC §1692e(9); 15 USC §1692e(10); 15 USC §1692e(11) and/or 15 USC §1692e(14) §1692f, §1692g(4), §1692g(a), and §1692g(b) for Defendant's violation of defective mandatory disclosure requirements of the FDCPA;

b) 15 USC §1692f generally, and specifically 15 USC §1692g(4), by failing to state the right to dispute a portion of the debt and erroneously required any dispute to be in writing, and failing to state that the Plaintiffs could dispute "a portion of the debt."

c) 15 USC §1692g and 1692e(10) for failing to set forth the name and address of the debt collector in order for the consumer to contact the Defendant to dispute the debt;

d) 15 USC §1692f generally, and specifically 15 USC §1692g(a), by failing to advise the Plaintiffs of any of their rights as required by §1692g in Defendant's initial communication or within five (5) days of said initial communication to the Plaintiff in connection with the collection of the aforementioned alleged debt;

e) The Petitioner shall not contact the debtor at unusual times or places. Before 8 a.m. and after 9 p.m. are presumed to be unusual times. §1692c(a)(1); specifically, the Defendants admits to violating the FDCPA by having their process server Wendell Joseph attempt to contact Plaintiff after 9:00pm on February 24, 2015.

(f) The Petitioner and Petitioners counsel violated and failed to satisfy the requirements of communications with regards to the predicate notice because

Petitioners counsel must send the debtor a written notice, known as a "validation" notice or "initial demand letter," within 5 days of initial communication with a debtor concerning the collection of a consumer debt, advising: (a) the amount of the debt owed; (b) the name of the creditor to whom it is owed; (c) that the debtor has thirty days to dispute the validity of the debt; (d) that the creditor will obtain verification of the debt, if the debtor makes a dispute in writing within such 30-day period; and (e) the name of the original creditor, if the debt has been assigned to another. §1692g(a). This obligation of written notice has often been referred to in the collections industry as the "mini-Miranda" rule. No such "mini-Miranda" was sent to Respondent; and

57.     That because of the foregoing, the have suffered actual and statutory damages in an amount to be determined at trial.

58.     The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

59.     Because of Defendants several willful and wanton violations of the FDCPA, Plaintiff is entitled to damages in accordance with the FDCPA.

## STATUTORY DAMAGES

60.     Pursuant to 15 USC §1692k, Plaintiff demands that Defendants joint and severally pay to Plaintiff as statutory damages $1,000.00 per FDCPA violation this court finds that Defendants either caused or committed.

## ATTORNEY'S FEES AND COSTS

61.     Pursuant to 15 USC §1692k, Plaintiff demands that Defendants joint and severally pay to Plaintiff reasonable legal fees and expenses in an amount to be determined by the court which have resulted from Defendants' willful and wanton conduct, and Plaintiff having to defend

himself against the three Summary Proceedings in Kings Civil Housing Court commenced by

Defendants and the prosecution of this action.

## INJUNCTIVE RELIEF

62.     Pursuant to 15 USC §1692, Plaintiff demands that injunctive relief be granted in

the form of an Order that restrains Defendants from any further attempts to collect frivolous

debts from Plaintiff.

**WHEREFORE**, Plaintiffs, respectfully request that this Court enter judgment in their

favor and against the Defendant and award damages as follows:

a)  Defendants joint and severally pay to Plaintiff as statutory damages $1,000.00 per

    FDCPA violation this court finds that Defendants either caused or committed; and

b)  Defendants joint and severally pay Plaintiff's reasonable legal fees and expenses in an

    amount to be determined by the court; and

c)  Injunctive relief in the form of an Order that restrains Defendants from any further

    attempts to collect frivolous debts from Plaintiff; and

d)  Such other relief that this Court deems appropriate and just under the circumstances.

New York, New York
Dated: April 23, 2015

THE MARKS LAW FIRM

By: X

BRADLY G. MARKS
Attorney for Plaintiff
175 Varick Street, 3rd Fl
New York, NY 10014
T:(646) 770-3775
F: (646) 770- 2639
Brad@markslawfirm.net

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

15-cv-2487

ERIK RICHARDSON,

Plaintiff,

-against-

CARL A. HUSBANDS, PC AND
OBB 563 HOLDINGS CORP

Defendants.

-------------------------------------X

## SUMMONS AND COMPLAINT

THE MARKS LAW FIRM, PC
Attorney(s) for Plaintiff
175 Varick Street, 3rd FL
New York, NY 10014
T: (646) 770 – 3775
F: (646) 867 - 2639